# UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN

LISA WALKER,

     Plaintiff,

v.

SYNCHRONY BANK,

     Defendant.

Case No. 2:17-cv-11460-RHC-MKM
Hon. Robert H. Cleland
Magistrate Mona K. Majzoub

---

| | |
|---|---|
| **Samuel J. Bernstein (P75402)**<br>ALDRICH LEGAL SERVICES<br>Attorneys for Plaintiff<br>276 S. Union Street<br>Plymouth, MI 48170<br>(734) 404-3000 (t) / (734) 404-3002 (f)<br>*sam@aldrichlegalservices.com*<br><br>**Amy L. Bennecoff Ginsburg**<br>**Joseph C. Hoeffel**<br>KIMMEL & SILVERMAN, P.C.<br>Attorneys for Plaintiff<br>30 East Butler Pike<br>Ambler, PA 19002<br>(215) 540-8888 (t) / (248) 788-2864 (f)<br>*aginsburg@creditlaw.com*<br>*jhoeffel@creditlaw.com* | **Alan J. Taylor (P51660)**<br>**Eric D. Berlin (P77845)**<br>SEGAL MCCAMBRIDGE SINGER &<br>MAHONEY<br>Attorneys for Defendant<br>39475 Thirteen Mile Road, Suite 203<br>Novi, MI 48377<br>(248) 994-0060 (t) / (248) 994-0061 (f)<br>*ataylor@smsm.com*<br>*eberlin@smsm.com* |

---

## DEFENDANT, SYNCHRONY BANK'S MOTION TO STAY PROCEEDINGS PENDING RULING BY D.C. CIRCUIT COURT OF APPEALS

Defendant Synchrony Bank ("Synchrony"), by counsel, hereby moves the

Court for an Order staying this action pending the outcome of the consolidated

appeal of *ACA International* before the D.C. Circuit Court of Appeals.  The D.C. Circuit is expected to rule in the near future regarding the definition of an "automatic telephone dialing system" under the Telephone Consumer Protection Act, and such ruling may be dispositive of all the claims in this case.  47 U.S.C. § 227.  A stay is appropriate here so that the parties and this Court may receive clarity on these issues before further time and expense is incurred.

In accordance with E.D. Mich. LR 7.1(a), Synchrony's counsel explained to Walker's counsel the nature of this Motion and its legal basis and requested concurrence in the relief sought, but Walker's counsel denied such requested concurrence.

This Motion is supported by a Brief in Support and exhibits thereto, arguments of counsel at the time of any hearing, and upon the files, records and proceedings herein.

WHEREFORE, for the above reasons and those contained in the accompanying Brief in Support, Defendant, Synchrony Bank, respectfully requests that this Court stay these proceedings until the decision in the consolidated appeal before the D.C. Circuit in *ACA International*, and grant such other additional relief as may be just and proper.

Respectfully Submitted

SEGAL McCAMBRIDGE SINGER & MAHONEY

By:   /s/ Alan J. Taylor_____
        Alan J. Taylor (P51660)
        Eric D. Berlin (P77845)
        Attorneys for Defendant
        39475 Thirteen Mile Road, Suite 203
        Novi, MI 48377
        (248) 994-0060 (t) / (248) 994-0061 (f)
        *ataylor@smsm.com*
        *eberlin@smsm.com*

Dated: August 30, 2017

## UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN

LISA WALKER,

       Plaintiff,

                                    Case No. 2:17-cv-11460-RHC-MKM

v.                                   Hon. Robert H. Cleland

                                    Magistrate Mona K. Majzoub

SYNCHRONY BANK,

       Defendant.

---

| | |
|---|---|
| **Samuel J. Bernstein (P75402)** | **Alan J. Taylor (P51660)** |
| ALDRICH LEGAL SERVICES | **Eric D. Berlin (P77845)** |
| Attorneys for Plaintiff | SEGAL MCCAMBRIDGE SINGER & MAHONEY |
| 276 S. Union Street | Attorneys for Defendant |
| Plymouth, MI 48170 | 39475 Thirteen Mile Road, Suite 203 |
| (734) 404-3000 (t) / (734) 404-3002 (f) | Novi, MI 48377 |
| *sam@aldrichlegalservices.com* | (248) 994-0060 (t) / (248) 994-0061 (f) |
| | *ataylor@smsm.com* |
| **Amy L. Bennecoff Ginsburg** | *eberlin@smsm.com* |
| **Joseph C. Hoeffel** | |
| KIMMEL & SILVERMAN, P.C. | |
| Attorneys for Plaintiff | |
| 30 East Butler Pike | |
| Ambler, PA 19002 | |
| (215) 540-8888 (t) / (248) 788-2864 (f) | |
| *aginsburg@creditlaw.com* | |
| *jhoeffel@creditlaw.com* | |

---

## DEFENDANT, SYNCHRONY BANK'S BRIEF IN SUPPORT OF ITS MOTION TO STAY PROCEEDINGS PENDING RULING BY THE D.C. CIRCUIT OF APPEALS

## **<u>STATEMENT OF ISSUE(S) PRESENTED</u>**

1.  Whether this Court should issue a stay of proceedings where the ruling from another independent case pending in federal appellate court (which is expected in the near future) would be dispositive of Plaintiff's claims and/or instructive of the issues involved in the present case.

> Defendant's response:               Yes.
>
> Plaintiff's anticipated response:      No.

## CONTROLLING/MOST APPROPRIATE AUTHORITY

In bringing the present Motion to Stay Proceedings Pending Ruling by the D.C. Circuit Court of Appeals and Brief in Support, Defendant relies on the following authorities:

47 U.S.C. § 402 (the Hobbs Act)

28 U.S.C. § 2342(1)

*Landis v. N. Am. Co.*, 299 U.S. 248 (1936)

*Clinton v. Jones*, 520 U.S. 681 (1997)

*ADAC Plastics, Inc. Employee Benefits Plan v. Blue Cross & Blue Shield of Michigan*, No. 12-CV-15615-DT, 2013 WL 5313455 (E.D. Mich. Sept. 20, 2013)

*ITC Deltacom Commc'ns, Inc. v. BellSouth Telecommunications, Inc.*, 193 F. App'x 413 (6th Cir. 2006)

*Rose v. Wells Fargo Advisors, LLC*, No. 1:16-CV-562-CAP, 2016 WL 3369283 (N.D. Ga. June 14, 2016)

*Ricketts v. Consumers Energy Co.*, No. 16-CV-13208, 2017 WL 2351731 (E.D. Mich. May 31, 2017)

*Tilley v. Ally Fin., Inc.*, No. 16-CV-14056, 2017 WL 1732021 (E.D. Mich. Apr. 26, 2017)

*Mayksymowski v. Navient Solutions, Inc.*, No. 15-14368, 2017 WL 486941 (E.D. Mich. Jan. 12, 2017)

*Flockhart v. Synchrony Bank*, No. 17-CV-4019-MWB, 2017 WL 3276266 (N.D. Iowa Aug. 1, 2017)

# I.    INTRODUCTION

Defendant Synchrony Bank ("Synchrony") moves to stay this action pending the outcome of an important appellate court ruling that could be dispositive of Plaintiff Lisa Walker's ("Plaintiff") Telephone Consumer Protection Act ("TCPA") claims in this case: the consolidated appeal in *ACA International v. Federal Communications Commission*, Case No. 15-1211, pending before the D.C. Circuit, regarding the statutory definition of an "automatic telephone dialing system." 47 U.S.C. § 227(a)(1).  Plaintiff here seeks to recover $500 to $1,500 per call under the TCPA on the basis that Synchrony allegedly placed calls to Plaintiff's cell phone using an "automatic telephone dialing system" ("ATDS"), as defined by the TCPA, without Plaintiff's consent.  (*See* Dkt. 1, Complaint, ¶¶ 14, 26, 31-32.)  Because the existence or non-existence of an ATDS is a core element of Plaintiff's TCPA claim here, the D.C. Circuit's ruling as to the definition of that term could be critical to the outcome of this lawsuit.

On July 10, 2015, the FCC issued an order interpreting the term "automatic telephone dialing system" in the TCPA.  Under the Hobbs Act, 47 U.S.C. § 402, the FCC's Ruling is binding on all federal district courts nationwide and can only be overturned by a federal court of appeals.  That is precisely what is happening before the D.C. Circuit in *ACA International*.  (*See ACA International Amended Petition for Review*, attached hereto as "Exhibit A").  It makes little sense to apply

the FCC's interim ruling while it is pending on appeal and the D.C. Circuit will soon be issuing nationwide guidance in deciding whether the FCC exceeded its authority in rendering that order.

The consolidated appeal before the D.C. Circuit has been fully briefed and oral arguments were held on October 19, 2016, with a ruling expected soon. Once the D.C. Circuit rules upon this fundamental element of a claim under the TCPA, Plaintiff's TCPA claim here may be extinguished or significantly curtailed. At the very least, the D.C. Circuit's ruling will dictate the scope of the issues and discovery needed to complete this case. As discussed in more detail below, this Court and numerous other courts around the country have stayed similar TCPA suits to allow for the D.C. Circuit to provide consistent, nationwide guidance as to the definition of an "automated telephone dialing system." It is respectfully requested that this Court grant a stay of this case pending the D.C. Circuit's decision on the pivotal question of what constitutes an ATDS.

## II.  STANDARD OF REVIEW

A trial court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This discretion is "incident to [a district court's] power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997); *see also Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998) ("The power to stay

proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.") (quotation marks omitted).   Moreover, a stay is appropriate in an action where the outcome of another case may substantially affect it.  See *ADAC Plastics, Inc. Employee Benefits Plan v. Blue Cross & Blue Shield of Michigan*, No. 12-CV-15615-DT, 2013 WL 5313455, at \*7 (E.D. Mich. Sept. 20, 2013).

## III.   ARGUMENT

### A.   The D.C. Circuit's Ruling in *ACA International* Concerning the Definitions of an ATDS Will Be Binding on This Court.

On July 10, 2015, the FCC issued a TCPA Omnibus Declaratory Ruling and Order (the "FCC Order"), which attempted to clarify its TCPA rules. Unfortunately, the FCC Order set forth an overly broad definition of an "automatic telephone dialing system" ("ATDS"), which is of particular concern to entities like Synchrony that are responsible for complying with the TCPA.

The FCC Order is binding on all federal district courts across the country under the Administrative Orders Review Act, also known as the Hobbs Act. Therefore, only a federal court of appeals, like the D.C. Circuit Court of Appeals in *ACA International*, has the power to set aside a final FCC Order.   *See ITC Deltacom Commc'ns, Inc. v. BellSouth Telecommunications, Inc.*, 193 F. App'x

413, 415 (6th Cir. 2006). The Federal courts of appeals have exclusive jurisdiction to determine the validity of the FCC's Orders. 28 U.S.C. § 2342(1).

Thus, the outcome of the D.C. Circuit appeal on the validity of the FCC Order will have binding, nationwide implications regarding the definition of an ATDS. *See Rose v. Wells Fargo Advisors, LLC*, No. 1:16-CV-562-CAP, 2016 WL 3369283, at *1 (N.D. Ga. June 14, 2016) ("The D.C. Circuit will determine whether the FCC's treatment of the term 'capacity' in defining ATDS is 'arbitrary, capricious, [or] an abuse of discretion,' and thus results in an approach that does not comport with the caller's constitutional rights of due process and freedom of speech, and that disregards the applicable statute."). And, as explained below, that decision will certainly impact—and may be dispositive of—Plaintiff's TCPA claim in this action.

**B.    This Court and Other Federal Courts Have Granted Stays in Precisely the Same Circumstances.**

In just the past year, this Court has granted stays of TCPA cases pending the outcome of the *ACA International* appeal. *See Ricketts v. Consumers Energy Co.*, No. 16-CV-13208, 2017 WL 2351731, at *2 (E.D. Mich. May 31, 2017) (holding that granting the stay is in the interest of judicial resources and economy to ensure that this matter is definitively resolved, and that key issues will not be revisited half-way through the case due to changes in law."); *Tilley v. Ally Fin., Inc.*, No. 16-cv-14056, 2017 WL 1732021 (E.D. Mich. Apr. 26, 2017); *Maksymowski v.*

7

*Navient Solutions, Inc.*, No. 15-14368, 2017 WL 486941 at *1 (E.D. Mich. Jan. 12, 2017) (reasoning that granting the stay will conserve the resources of the parties and the court).

Additional, numerous other federal courts across the country have granted stays on the same basis on which Synchrony is seeking a stay here. *See, e.g., Flockhart v. Synchrony Bank,* No. 17-CV-4019-MWB, 2017 WL 3276266 (N.D. Iowa Aug. 1, 2017); *DiMarco v. Nationstar Mortg., LLC,* No. 16-CV-6588, 2017 WL 1855197 (W.D.N.Y. May 5, 2017); *Gage v. Cox Communc'ns, Inc.*, No. 2:16-cv-02708-KJD-GWF, 2017 WL 1536220 (D. Nev. Apr. 27, 2017); *Doerken v. USAA Savings Bank*, No. CV 16-08824-RSWL-MRW, 2017 WL 1534186 (C.D. Cal. Apr. 26, 2017); *Jacobs v. Ocwen Loan Servicing, LLC*, No. 16-62318-Civ-Scola, 2017 WL 1733855 (S.D. Fla. Apr. 14, 2017); *Lilly v. Synchrony Fin.*, No. 2:16-cv-2687-JCM-VCF, 2017 WL 1370698 (D. Nev. Apr. 7, 2017); *Bowden v. Contract Callers, Inc.*, No. 16-cv-06171-MMC, 2017 WL 1732017 (N.D. Cal. Apr. 5, 2017); *Reynolds v. Geico Corp.*, No. 2:16-cv-01940-SU, 2017 WL 815238 (D. Or. Mar. 1, 2017); *Reynolds v. Time Warner Cable*, No. 16-cv-6165, 2017 WL 362025 (W.D.N.Y. Jan. 25, 2017); *Washington v. Six Continents Hotels, Inc.*, No. 2:16-cv-03719, 2017 WL 111913, at *2-3 (C.D. Cal. Jan. 9, 2017); *Abplanalp v. United Collection Bureau, Inc.*, No. 3:15-CV-203-RJC-DCK, 2016 WL 81498, at *2-3 (W.D.N.C. Jan. 7, 2016); *Joseph v. Barclays Bank Delaware*, No. 1:16-cv-

00029-AT-RGV, 2017 WL 8202737 (N.D. Ga. Dec. 12, 2016); *Williams v. Nationstar Mortgage, LLC*, No. 6:16-cv-01357-TC, 2016 WL 6905382, at *2 (D. Or. Nov. 23, 2016); *Clayton v. Synchrony Bank*, No. 1:16-cv-01241-JLT, No. 2016 WL 7106018, at *4 (E.D. Cal. November 7, 2016); *Rajput v. Synchrony Bank*, Case No. 3:15-cv-01595-WJN, 2016 WL 6433134, at *4 (M.D. Pa. Oct. 31, 2016); *Robinson v. Nationstar Mortgage*, LLC, Case No. 16-cv-00083-LGW-RSB, 2016 WL 6275192, at *2-3 (S.D. Ga. Oct. 25, 2016); *Frable v. Synchrony Bank*, No. 16-cv-0559, 2016 WL 6123248, at *4 (D. Minn. Oct. 17, 2016); *Coatney v. Synchrony Bank*, No. 616CV389ORL22TBS, 2016 WL 4506315 (M.D. Fla. Aug. 2, 2016); *Ricks v. Allied Interstate, LLC,* No. 316CV00205HESPDB, 2016 WL 4505173, at *2 (M.D. Fla. July 11, 2016); *Falack v. Synchrony Fin., Inc.,* No. 316CV01782MASTJB, 2016 WL 4535387, at *1 (D.N.J. July 6, 2016); *Rose v. Wells Fargo Advisors, LLC,* No. 1:16-CV-562-CAP, 2016 WL 3369283, at *1 (N.D. Ga. June 14, 2016); *Small v. GE Capital, Inc.,* No. EDCV152479JGBDTBX, 2016 WL 4502460, at *3 (C.D. Cal. June 9, 2016); *see also Gensel v. Performant Techs., Inc.*, No. 13-cv-1196, 2015 WL 6158072 (E.D. Wis. Oct. 21, 2015).

In line with the weight of federal decisions around the country, and particularly in the Sixth Circuit, this Court should stay the instant action pending a decision in *ACA International.*

**C.**    **The Relevant Factors All Weigh In Favor of Granting a Stay.**

In determining whether a stay is appropriate, courts examine several factors including: "1) the potentiality of another case having a dispositive effect on the case to be stayed; 2) the judicial economy to be saved by waiting on a dispositive decision; 3) the public welfare; and 4) the hardship/prejudice to the party opposing the stay, given its duration." *Maksymowski,* 2017 WL 486941, at *1. These factors all weigh in favor of granting a stay in this present matter.

**(i)    The Pending Outcome of *ACA International* Has a Dispositive Effect and Promotes Judicial Economy.**

The pending outcome of *ACA International* has a dispositive effect upon this case and therefore, granting a stay will promote judicial economy.  Depending upon how the D.C. Circuit rules, Plaintiff's TCPA claim could be extinguished or significantly curtailed.  At the very least, this ruling will dictate the scope of the issues and discovery needed in this case.  As this Court held in *Maksymowski*, "the D.C. Circuit's decision in *ACA Int'l* may be dispositive and will, at minimum, provide guidance to the parties and court regarding the definition of an autodialer under the TCPA." *Maksymowski*, 2017 WL 486941, at *1.

With the benefit of the D.C. Circuit's ruling on the consolidated appeal, the parties can engage in more focused litigation based on the insight provided by these courts, thus reducing the burden of litigation on the parties and on the Court. *See Maksymowski,* 2017 WL 486941, at *1 ("A stay pending the D.C. Circuit's

decision will serve to conserve the resources of the parties and the court while avoiding the wasted effort that may be involved in proceeding under an uncertain legal framework"); *Flockhart*, 2017 WL 3276266, at *3 ("the definition of an ATDS is a threshold issue for liability and would determine the scope of discovery, a stay could conserve judicial resources, clarify the law, and aid the court in making a decision on the merits"); *Rose*, 2016 WL 3369283, at *2 ("[G]ranting a stay may simplify the issues in this case and conserve judicial resources because any order by this court issued in reliance on the July 2015 Ruling will be called into question if the D.C. Circuit overturns the July 2015 Ruling"); *Coatney*, 2016 WL 4506315, at *2 ("[G]ranting a stay 'will reduce the burden of litigation on the parties and the Court by allowing the Court to avoid issuing a dispositive Order in the midst of an uncertain legal environment.'").

Plaintiff seeks to hold Synchrony liable for allegedly contacting her cell phone using an ATDS. (*See* Compl. ¶¶ 14, 26, 31-32.) The TCPA defines an ATDS as "equipment which has the ***capacity***—(A) to store or produce telephone numbers to be called, ***using a random or sequential number generator***; and (B) to dial such numbers." 47 U.S.C. 227(a)(1) (emphasis added). Most modern dialers, including Synchrony's telephone system, are not designed to generate and dial numbers using a "random or sequential number generator." In fact, it is nonsensical to even suggest that Synchrony would try to contact its customers by

maintaining a telephone system that used a "random or sequential number generator" to call telephone numbers.

When businesses and industry groups filed petitions with the FCC asking whether the word "capacity" meant the "*present* capacity" of the equipment to use a random or sequential number generator, the FCC responded with its July 10, 2015 Order stating that, "the capacity of an autodialer is not limited to its current configuration but also includes its potential functionalities." *In re Rules & Regs. Implementing the TCPA*, Declaratory Ruling and Order, CG Docket No. 02-278, FCC 15-72, 30 FCC Rcd 7961 at ¶ 16 (July 10, 2015). In other words, any computer or telephone equipment, including an iPhone, can be an ATDS under the FCC's expansive definition because all it requires is the ability to download new software and/or install additional hardware that converts the present system into one that might have the functionality for random or sequential number generation. While the FCC admitted that there must be some limit to determining what equipment constituted an ATDS, the only example it could give was that a "rotary-dial phone" could not be converted into an autodialer. *Id.* at ¶ 18. Beyond that, the FCC refused to give any specific guidance as to what did or did not constitute an ATDS. *Id.*

The FCC's incredibly overbroad and vague definition of what constitutes an ATDS led to the multiple appeals that have been consolidated before the D.C.

Circuit in *ACA International*.   *See* Exhibit A).   *ACA International*'s amended petition for review challenges the FCC's Ruling as arbitrary and capricious, an abuse of discretion, and as inconsistent with various constitutional provisions.   *Id.* at 3.   Various other petitioners and intervenors from a number of industry groups and companies also filed briefs in the case arguing that the FCC's definition of an ATDS is inconsistent with the TCPA's text, history and purpose as well as being arbitrary and capricious.   The outcome of these petitions for review will have a direct and substantial impact on Plaintiffs' TCPA claims in this case.   Accordingly, a stay of this action until the D.C. Circuit's ruling is warranted.

> **(ii)   The Requested Stay Will Be Relatively Short In Duration and Will Not Harm the Public or Prejudice Plaintiff.**

The public will not be harmed, nor will Plaintiff be prejudiced by a relatively short stay of these proceedings.   The briefing schedule in *ACA International* ended in February 2016 and oral argument was held on October 19, 2016.   Other courts have determined that this factor weighs in favor of granting a stay given the timing of a likely decision in *ACA Int'l*.   *See, e.g.*, *Flockhart*, 2017 WL 3276266, at *3("[T]he plaintiff will likely not be prejudiced by a stay that could reduce the burden of litigation on both parties….[t]he ACA International appeal will not likely remain pending for long"); *Abdallah v. FedEx Corporate Servs., Inc.,* No. 16-CV-3967, Dkt. 60, Order at 1-2 (N.D. Ill. Mar. 20, 2017), Order at 2 ("The *ACA International*   decision was argued to the bench in

Washington, D.C., in October 2016, so it is not unreasonable to assume a decision will be forthcoming in the not too distant future.  Plaintiff has not shown that he will be prejudiced unduly if he has to wait to commence discovery in this case until a decision is issued"); *Coatney,* 2016 WL 4506315, at *2 ("Plaintiff has not shown that he will be prejudiced by a stay at such an early stage in the litigation. It is not likely the stay will be lengthy given that *ACA International* has been fully-briefed as of February 2016 and the potential prejudice is minimal.").

> **(iii)   If A Stay Is Not Imposed, Synchrony Will Suffer Harm In The Form Of Unnecessary Litigation Fees and Expenses, and an Uncertain Scope of Discovery.**

In contrast to the lack of harm to the public and Plaintiff from imposing a stay, there is no question that Synchrony will incur actual harm in the form of time and expense incurred to litigate this case if a stay is not granted.  Courts have found litigation expense sufficient to demonstrate actual prejudice to justify a stay. *See, e.g., Flockhar*t, 2017 WL 3276266, at *3 ("[A]bsent a stay, the defendant would suffer hardship in conducting discovery and preparing for trial should the ACA International decision reverse the FCC ruling of July 2015"); *Rose*, 2016 WL 3369283, at *2 ("[I]f the case is not stayed, the defendant may suffer hardship in conducting discovery and trial preparation in light of the uncertain difference between 'potential' capacity and 'theoretical' capacity under the definition of an ATDS."); *Tyler v. Nationstar Mortgage*, Case No. 4:15-cv-532-WS-CAS, 2016

WL 420284, at *1 (N.D. Fla. Jan. 15, 2016) (holding that a stay "would limit what might prove to be unnecessary expenditures of time and resources on discovery"); *Errington v. Time Warner Cable*, 2:15-cv-02196, 2016 WL 2930696, at *4 (C.D. Cal. May 18, 2016) (staying case pending the decision in *ACA International* because "Defendant may suffer hardship in conducting discovery"). Here too, this matter should be stayed now before additional time and resources are expended on potentially unnecessary litigation.

## IV.   <u>CONCLUSION</u>

WHEREFORE, for the above reasons and those contained in the accompanying Motion, Defendant, Synchrony Bank, respectfully requests that this Court stay these proceedings until the decision in the consolidated appeal before the D.C. Circuit in *ACA International*, and grant such other additional relief as may be just and proper.

Respectfully Submitted,

SEGAL McCAMBRIDGE SINGER & MAHONEY

By:   /s/ Alan J. Taylor
      Alan J. Taylor (P51660)
      Eric D. Berlin (P77845)
      Attorneys for Defendant
      39475 Thirteen Mile Road, Suite 203
      Novi, MI 48377
      (248) 994-0060 (t) / (248) 994-0061 (f)
      *ataylor@smsm.com*
      *eberlin@smsm.com*

Dated: August 30, 2017

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 30, 2017 a copy of foregoing Motion to Stay Proceedings Pending Ruling by the D.C. Circuit Court of Appeals and Brief in Support were filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's CM/ECF System.

By:   <u>/s/ Tanya Pope               </u>
Tanya Pope

# EXHIBIT A

Case No. 15-1211

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

ACA International,

Petitioner,

v.

Federal Communications Commission,
named as United States of America,

Respondent.

## AMENDED PETITION FOR REVIEW

ACA International hereby petitions this Court for review of the order of the Federal Communications Commission titled "Declaratory Ruling and Order," *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, released on July 10, 2015, a copy of which accompanies this petition as Exhibit A. This amended petition replaces and supersedes the Petition for Review (July 10, 2015).

I

### Nature of the Proceedings as to Which Review Is Sought

ACA International filed a petition for rulemaking with the Federal Communications Commission on February 11, 2014. The Commission

1

considered ACA's petition along with other petitions for clarification or expedited clarification, for a declaratory ruling or an expedited declaratory ruling, for an exemption, for rulemaking or expedited rulemaking, or for special temporary relief, under its dockets numbered GC Docket No. 02-278 and WC Docket No. 07-135. The Commission disposed of all such pending petitions in the order titled "Declaratory Ruling and Order," *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, released on July 10, 2015, a copy of which accompanies this petition as Exhibit A.

## II
## Facts on Which Venue Is Based

Pursuant to 28 U.S.C. § 2343, "[t]he venue of a proceeding under this chapter is in the judicial circuit in which the petitioner resides or has its principal office, or in the United States Court of Appeals for the District of Columbia Circuit." Venue therefore lies properly in this Court.

## III
## Grounds on Which Relief Is Sought

ACA International seeks relief on these grounds:

2

(1)   The Federal Communications Commission's treatment of "capacity" within the definition of an "automatic telephone dialing system" under the Telephone Consumer Protection Act is arbitrary, capricious, and an abuse of discretion, and results in an approach that does not comport with a caller's constitutional rights of due process and freedom of speech and that disregards the applicable statute.

(2)   The Commission's treatment of predictive dialers is not in accordance with law, and exceeded the Commission's statutory authority, in that it expands the statutory definition of an "automatic telephone dialing system" under the Telephone Consumer Protection Act beyond the definition that Congress enacted.

(3)   The Commission's treatment of "prior express consent" (including its treatment of reassigned numbers) was arbitrary, capricious, and an abuse of discretion, and does not comport with a caller's constitutional right of due process.

(4)   The Commission's order, both with respect to the topics enumerated above and otherwise, was arbitrary, capricious, and

3

an abuse of discretion because it disregards Congress's findings in the Telephone Consumer Protection Act, the statute from which the Commission's jurisdiction and authority derive.

## IV
## Relief Prayed

ACA International therefore prays that this Court—

(1)   hold unlawful and set aside the Federal Communications Commission's treatment of "capacity" within the definition of an "automatic telephone dialing system" under the Telephone Consumer Protection Act, and compel the Commission to treat "capacity" in a way that comports with a caller's rights of due process and freedom of speech;

(2)   hold unlawful and set aside the Commission's treatment of predictive dialers, and compel the Commission to treat them in a way that does not expand the statutory definition of an "automatic telephone dialing system" under the Telephone Consumer Protection Act beyond the definition that Congress enacted;

4

(3)   hold unlawful and set aside the Commission's treatment of

prior express consent, including the Commission's treatment of

reassigned numbers, and compel the Commission to either—

(A)   establish a viable safe harbor for autodialed "wrong

number" non-telemarketing calls to reassigned wireless

numbers, or

(b)   define "called party" as a call's intended recipient.

July 13, 2015.

DYKEMA GOSSETT PLLC

/s/ Brian Melendez

Brian Melendez, D.C. Cir. Bar No.
   55882
DYKEMA GOSSETT PLLC
4000 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55403
Ph. 612.486.1589
Fax 877.599.6688
bmelendez@dykema.com

Attorney for Petitioner
   ACA International

5

### Certificate of Service

Within one business day of this petition for review being filed:

(a)   I will cause a date-stamped copy of this petition to be served by

hand on these persons:

Office of General Counsel
Federal Communications Commission
Eighth Floor
445 Twelfth Street, SW
Washington, DC 20554

The Honorable Loretta E. Lynch
The Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

(b)   I will cause a copy of this petition to be served by first-class

mail, postage prepaid, on these parties admitted to participate in

the agency proceedings:

Mark W. Brennan
Hogan Lovells US LLP
555 13th Street, NW
Washington, DC 20004
*Counsel for the American*
   *Association of Healthcare*
   *Administrative Management,*
   *RTI International; and United*
   *Healthcare Services, Inc.*

Virginia O'Neill
Vice President & Assistant Chief
   Compliance Counsel
American Bankers Association
1120 Connecticut Avenue, NW
Washington, DC 20036

1

Charles H. Kennedy
The Kennedy Privacy Law Firm
1050 30th Street, NW
Washington, DC 20007
*Counsel for American Bankers
    Association and Consumer
    Bankers Association*

Monica S. Desai
Patton Boggs LLP
2550 M Street, NW
Washington, DC 20037
*Counsel for A Coalition of Mobile
    Engagement Providers, Retail
    Industry Leaders Association,
    and ACA International*

Kate Larson
David Pommerehn
Consumer Bankers Association
Suite 550
1225 Eye Street, NW
Washington, DC 20005

Michael A. Signorelli
Venable LLP
575 Seventh Street, NW
Washington, DC 20004
*Counsel for Direct Marketing
    Association*

Jerry Cerasale
Senior Vice President,
    Government Affairs
Direct Marketing Association
Suite 1100
1615 L Street, NW
Washington, DC 20036

Paul D.S. Edwards
Unit 203
713 Wheat Ridge Lane
Las Vegas, NV 89145

Debra Brewer Hayes
Charles Clinton Hunter
The Hayes Law Firm, PC
Suite 210
700 Rockmead
Kingwood, TX 77339
*Counsel for Milton H. Fried, Jr.,
    and Richard Evans*

Natalie G. Roisman
Phillip R. Marchesiello
Joshua M. Bercu
Wilkinson Barker Knauer, LLP
Suite 700
2300 N Street, NW
Washington, DC 20037
*Counsel to Glide Talk, Ltd.*

Dorothy E. Cukier
Corporate Counsel, Executive
    Director
External Affairs
Global Tel*Link Corporation
Suite 100
12021 Sunset Hills Road
Reston, VA 20190

2

Cheire R. Kiser
Cahill Gordon & Reindel LLP
Suite 950
1990 K Street, NW
Washington, DC 20006
*Counsel for Global Tel\*Link*
 *Corporation*

National Association of Attorneys
 General
Eighth Floor
2030 M Street, NW
Washington, DC 20036

Susan Webb, President
ABIL Employment Services
Suite 200
5025 East Washington
Phoenix, AZ 85034
*National Employment Network*
 *Association*

Michele A. Shuster
Nicholas R. Whisler
Mac Murray, Petersen and Shuster
 LLP
Suite 210
6530 West Campus Oval
New Albany, OH 43054
*Counsel for Professional*
 *Association for Customer*
 *Engagement*

Phillip J. Grudzinski
President and CEO
Professional Association for
 Customer Engagement
Suite 480
8500 Keystone Crossing
Indianapolis, IN 46240

Joseph E. Sandler
Elizabeth L. Howard
Sandler Reiff Young & Lamb
Suite 300
1025 Vermont Avenue, NW
Washington, DC 20002
*Counsel for Revolution Messaging,*
 *LLC*

Joseph Oliva
Oliva & Associates
Suite 350
11770 Bernardo Plaza Court
San Diego, CA 92128
*Counsel for Rubio's Restaurant,*
 *Inc.*

N. Martin Stringer
Michael F. Smith
McAfee and Taft
Suite 900
1717 South Boulder
Tulsa, OK 74119
*Counsel for Stage Stores, Inc.*

3

Burton D. Brillhart
McGlinchey Stafford PLLC
Suite 2750
2711 North Haskell Avenue
Dallas, TX 75204
*Counsel for Santander Consumer*
*USA, Inc.*

Lauren E. Campisi
McGlinchey Stafford PLLC
Twelfth Floor
601 Poydras Street
New Orleans, LA 70130
*Counsel for Santander Consumer*
*USA, Inc.*

Dustin D. Godenswager
McGlinchey Stafford PLLC
Suite 406
25550 Chagrin Boulevard
Cleveland, OH 44122
*Counsel for Santander Consumer*
*USA, Inc.*

Chad R. Fuller
Troutman Sanders LLP
Suite 400
11682 El Camino Real
San Diego, CA 92130
*Counsel for Santander Consumer*
*USA, Inc.*

James D. Snell
Ronald W. Del Sesto, Jr.
Bingham McCutchen LLP
2020 K Street, NW
Washington, DC 20006-1806
*Counsel for TextMe, Inc.*

Lauren Lynch Flick
Pillsbury Winthrop Shaw Pittman
    LLP
2300 N Street, NW
Washington, DC 20037
*Counsel for YouMail, Inc., 3G*
    *Collect Inc., 3G Collect LLC*

Andrew D. Bluth
Pillsbury Winthrop Shaw Pittman
    LLP
Suite 300
2600 Capitol Avenue
Sacramento, CA 95816-5930
*Counsel for 3G Collect Inc., 3G*
    *Collect LLC*

4

July 13, 2015.

DYKEMA GOSSETT PLLC

/s/ Brian Melendez

Brian Melendez, D.C. Cir. Bar No.
  55882
DYKEMA GOSSETT PLLC
4000 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55403
Ph. 612.486.1589
Fax 877.599.6688
bmelendez@dykema.com

Attorney for Petitioner
  ACA International