UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA WALKER,

    Plaintiff,

        v.                                  Case No. 17-11460

SYNCHRONY BANK,

    Defendant.

                                              /

**ORDER GRANTING DEFENDANT'S MOTION TO STAY AND STAYING CASE**

Plaintiff filed this action alleging that Defendant Synchrony Bank violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by placing unsolicited calls to her cell phone "us[ing] an automatic telephone dialing system, automated message and/or prerecorded voice." (Dkt. #1 Pg. ID 2–3.) Currently pending before the court is Defendant's motion to stay proceedings pending ruling by the D.C. Circuit Court of Appeals on *ACA Int'l v. FCC*, No. 15-1211 (July 15, 2015). (Dkt. #10.) The motion is fully briefed and a hearing is unnecessary. E.D. Mich. LR 7.1(f)(2). For the following reasons, Defendant's motion will be granted.

The power to stay proceedings ordinarily rests within the sound discretion of the district court. *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626–27 (6th Cir. 2014). The burden is on the party seeking a stay to demonstrate that neither the public, nor either of the parties, will be harmed by the entry of a stay. *Id.* at 627. While "[t]he most important factor is the balance of the hardships," the court must also take into account "whether granting the stay will further the interest in economic use of judicial time and resources." *Id.* at 628.

The TCPA defines "automatic telephone dialing system" as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." § 227(a)(1). In July 2015, the FCC issued an order that, among other actions, reaffirmed its position that the definition of an "automatic telephone dialing system" includes equipment that has the "capacity" to store or produce and dial random or sequential numbers, "even if it is not presently used for that purpose." *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7971–72 (2015). ACA International filed an appeal of the FCC's order; the appeal has since been joined by other parties. Petitioners request that the D.C. Circuit exercise its authority under the Hobbes Act, 28 U.S.C. § 2341 et seq., to vacate the FCC Order. The D.C. Circuit heard oral argument nearly a year ago, in October 2016.

Other judges in this court have already issued stays in cases alleging similar facts and issues of law. *See Ricketts v. Consumers Energy Co.*, No. 16-13208, 2017 WL 2351731 (E.D. Mich. May 31, 2017) (Ludington, J.); *Tilley v. Ally Fin., Inc.*, No. 16-14056, 2017 WL 1732021 (E.D. Mich. Apr. 26, 2017) (Leitman, J.); *Maksymowski v. Navient Solutions, Inc.*, No. 15-14368, 2017 WL 486941 (E.D. Mich. Jan. 12, 2017) (O'Meara, J.). These judges have found that the plaintiffs have not identified any concrete hardship or prejudice that may result from a stay and that any stay would be relatively brief. *Ricketts*, 2017 WL 2351731, at *2; *Maksymowski*, 2017 WL 486941, at *1. The defendants in these cases, however, have identified the hardship and potential

"wasted effort that may be involved in proceeding under an uncertain legal framework." *Maksymowski*, 2017 WL 486941, at *1.

For the reasons expressed in these opinions, this court finds that the D.C. Circuit's decision in *ACA Int'l* is potentially dispositive in this case, and at the very least will provide guidance to the parties and the court in later matters. The court also agrees with Defendant that a stay would conserve the resources of counsel and this court and that a stay will generally serve the interests of justice. Given that oral arguments occurred almost a year ago, the court has no reason to doubt the imminence of the D.C. Circuit's opinion. Thus, the court will grant the motion and stay the case pending the resolution of *ACA Int'l*. Accordingly,

IT IS ORDERED this case is STAYED pending resolution of *ACA Int'l v. FCC*, No. 15-1211 (D.C. Cir. July 15, 2015). The parties are DIRECTED to notify the court immediately when the D.C. Circuit issues a ruling.

                                              s/Robert H. Cleland         /
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

Dated: October 10, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 10, 2017, by electronic and/or ordinary mail.

                                              s/Lisa Wagner             /
                                              Case Manager and Deputy Clerk
                                              (810) 292-6522